IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DERVIS DERVIC,                              )
                                            )
                    Plaintiff,              )
                                            )
        vs.                                 )        Civil Action No. 21-1404
                                            )
KILOLO KIJAKAZI,                            )
*Acting Commissioner, Social Security*      )
*Administration*,                           )
                                            )
                    Defendant.              )

ORDER

AND NOW, this 28th day of February 2023, the Court has considered the parties'

motions for summary judgment and will grant Defendant's motion.  The Administrative Law

Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB")

pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by

substantial evidence and will be affirmed.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[1]

---

[1]     Plaintiff's DIB application was denied by ALJ Sarah Ehasz in 2018.  Plaintiff challenged
her decision before the Court and, upon remand to the Social Security Administration ("SSA"),
the Appeals Council remanded the case to an ALJ for further consideration of Plaintiff's past
relevant work ("PRW").  Pursuant to the Appeals Council's remand order, Plaintiff appeared for
a hearing before ALJ David Benedict.  After the hearing, ALJ Benedict denied Plaintiff's DIB
application.  Plaintiff has now challenged ALJ Benedict's fulfillment of the Appeals Council's
remand order and his formulation of Plaintiff's residual functional capacity ("RFC").  For the
reasons explained herein, the Court will affirm ALJ Benedict's decision.

        An ALJ's findings of fact are subject to review for "substantial evidence." *Biestek*, 139
S. Ct. at 1152 (quoting 42 U.S.C. § 405(g)).  And an ALJ's legal conclusions are subject to
plenary review.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).  Substantial
evidence is "not [a] high" evidentiary standard; rather, it only requires "such relevant evidence as
a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154
(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  An ALJ's evaluation of
disability under the Act proceeds in five steps wherein he or she asks: "whether a claimant (1) is
working, (2) has a severe impairment, (3) has an impairment that meets or equals the
requirements of a listed impairment, (4) can return to his or her [PRW], and (5) if not, whether
he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084,

at *2 (W.D. Pa. Sept. 30, 2009); 20 C.F.R. § 404.1520(a)(4)(i)—(v).  Before resolving the inquiries at steps four and five, an ALJ must first formulate a claimant's RFC which is a claimant's maximum sustained work ability despite limitations arising from medically determinable impairments.  20 C.F.R. § 404.1545(a)(1)—(2).  Because this formulation of a claimant's RFC precedes the evaluation of a claimant's capacity to return to PRW, the Court will first address Plaintiff's arguments challenging ALJ Benedict's RFC finding.

In this matter, ALJ Benedict found Plaintiff to be capable of "light work" with limitation to "occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps, stairs, ladders, ropes, and scaffolds."  (R. 553).  Plaintiff has argued this RFC is too permissive and that ALJ Benedict erred in his formulation of it by (a) affording incorrect weights to various medical opinions in the record and (b) failing to account for all of Plaintiff's impairments, symptoms, and limitations.  But the Court is unconvinced of the errors alleged and finds ALJ Benedict's RFC finding to be supported by substantial evidence.  The Court first addresses Plaintiff's argument that ALJ Benedict afforded incorrect weights to medical opinions in the record.  Because Plaintiff's DIB application was filed before March 27, 2017, ALJ Benedict's consideration of medical opinion evidence was subject to 20 C.F.R. § 404.1527.  Pursuant thereto, ALJ Benedict was required to "evaluate every medical opinion" in evidence and to consider an enumerated list of factors to decide the appropriate weight to afford the opinions in evidence.  *Id.* § 404.1527(c).  ALJ Benedict was permitted to afford "controlling weight" to treating sources' opinions if such an opinion was "well supported by medically acceptable clinical and laboratory diagnostic techniques" and consistent with "other substantial evidence in [Plaintiff's] case record."  *Id.* § 404.1527(c)(2).

Having reviewed ALJ Benedict's decision, the Court is assured that he considered all the medical opinions in evidence and adequately explained the weight he afforded them.  He afforded Dr. Brian Ernstoff's opinion great weight, Dr. William Bookwalter's opinions partial and little weight, and the State agency consultants' opinions great weight.  (R. 559—60, 563).  He afforded Dr. Ernstoff's "remarks . . . great weight" because they were "consistent with the objective medical evidence" including what ALJ Benedict described as Plaintiff's "apparent aversion to any meaningful treatment for his lower back."  (R. 560).  Plaintiff has argued that this explanation shows that ALJ Benedict overlooked evidence of treatment Plaintiff received and shows no consideration of possible explanations for Plaintiff's failure to seek additional treatment.  Plaintiff has pointed out that he went to physical therapy, and he has suggested his failure to seek further treatment was attributable to his intolerance for steroids, unemployment, move from Pennsylvania to Louisiana, limited English proficiency, and an extended trip to Europe to visit his ill sister.  But the Court is unconvinced that ALJ Benedict overlooked evidence of treatment because he did not deny Plaintiff received some treatment; rather, referring to Plaintiff's "aversion to . . . meaningful treatment," ALJ Benedict merely referred to Plaintiff's failure to follow certain treatment recommendations, *e.g.*, Dr. Bookwalter's recommendation to a "physiatry-supervised rehabilitation program."  (R. 559).  As for Plaintiff's argument that ALJ Benedict overlooked barriers to treatment, his argument is totally speculative.  Plaintiff has not

pointed to evidence showing, *e.g.*, that his move from Pennsylvania to Louisiana interfered with his ability to obtain adequate care.

With respect to Dr. Bookwalter's opinions, Plaintiff has argued that ALJ Benedict erred in affording those opinions little and partial weight because he failed to acknowledge consistency among Dr. Bookwalter's opinion he could not return to PRW and treatment notes.  Plaintiff has further argued ALJ Benedict failed to account for Dr. Bookwalter's specialization and the treating relationship in his weight determinations.  But the Court finds that ALJ Benedict adequately supported his weight determinations for Dr. Bookwalter's opinions.  For Dr. Bookwalter's first opinion, ALJ Benedict explained that he afforded it "little weight because of its limited nature," and the record confirms this characterization.  (R. 559, 892).  Therein, Dr. Bookwalter merely noted Plaintiff's diagnoses and prescribed "No work" "until further notice" without further explanation.  (R. 892).  For Dr. Bookwalter's second opinion—wherein he opined that Plaintiff would only be capable of very sedentary work—ALJ Benedict explained that he would only afford the opinion partial weight because Dr. Bookwalter had, without explanation, departed from his opinion from earlier the same year that Plaintiff could do light work.  (R. 560).  In these explanations of his weight determinations for Dr. Bookwalter's opinions, ALJ Benedict adequately supported his findings.  And ALJ Benedict's decision, read "as a whole," *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004), clearly shows that ALJ Benedict considered Dr. Bookwalter's examination of and treatment relationship with Plaintiff.

Finally, with respect to the great weight that ALJ Benedict afforded the State agency consultants' opinions, there was no error.  To the extent that Plaintiff has argued the opinions "were not consistent with or supported by the record," such a curt reference to alleged inconsistency or lack of support is too vague for the Court's consideration.  *Com. of Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996) (explaining "conclusory assertions are not enough" to present an issue to the courts).  As for Plaintiff's argument that ALJ Benedict ought not to have afforded these opinions great weight because the record continued to be developed after the consultants offered their opinions and because they lacked opportunity to examine or treat Plaintiff, such is often the case for State agency consultants' opinions.  But despite delay and lack of opportunity for examination or treatment, State agency consultants' opinions are valuable evidence and ALJs may afford them great weight.  *See Chandler*, 667 F.3d at 361 ("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision.  The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").  For these reasons, the Court has found no error in ALJ Benedict's weight determinations for the medical opinion evidence in Plaintiff's record.

Next, the Court has considered Plaintiff's argument that ALJ Benedict's RFC finding was not limiting enough for failure to include limitations related to Plaintiff's coronary artery disease, neuropathy, degenerative changes of the lumbar and thoracic spine, radicular symptoms, hip arthropathy, and anxiety.  Plaintiff has argued that ALJ Benedict's failure to account for all his

limitations is shown by, *e.g.*, the absence of specific standing and walking limitations, any accommodation for changing positions, or appropriate bending/stooping/crouching/etc. limitations for his limited range of motion. Additionally, Plaintiff has argued that ALJ Benedict ought to have added limitations for his stress and anxiety, as well as his limited English proficiency. As discussed above, a claimant's RFC represents "the most [he] can still do despite [his] limitations" arising from medically determinable impairments whether they be severe or non-severe. 20 C.F.R. § 404.1545(a)(1)—(2). The RFC finding must be "based on all the relevant evidence in [a claimant's] case record." *Id.* § 404.1545(a)(1).

Having considered Plaintiff's challenges to ALJ Benedict's RFC finding, the Court has found that the finding is supported by substantial evidence. Plaintiff's argument is that ALJ Benedict's RFC finding is incomplete, but ALJ Benedict explained why Plaintiff failed to prove further limitations were necessary. For Plaintiff's alleged stress and anxiety, ALJ Benedict explained that Plaintiff was never "diagnosed with a psychiatric condition by his medical providers or a mental health provider." (R. 552). Further, his "psychiatric examinations during medical visits" were "unremarkable." (*Id.*). In the absence of a medically determinable mental health impairment, it was appropriate for ALJ Benedict to formulate an RFC without corresponding limitations. 20 C.F.R. § 404.1545(a)(2) (explaining that ALJs will consider all "medically determinable impairments" in their assessment of a claimant's RFC). With respect to Plaintiff's limited English proficiency, ALJ Benedict specifically considered Plaintiff's assertion that he only spoke/understood Croatian while noting that Plaintiff's appearance at the hearing showed some knowledge of English. (R. 554). Plaintiff's argument before this Court that ALJ Benedict ought to have limited the RFC to reflect limited English proficiency is totally speculative. Plaintiff has not cited any objective evidence to show, for example, that a contact-with-the-public limitation would have been appropriate because of Plaintiff's language limitation. Not only that, but Plaintiff was ultimately found to be not disabled because he could return to PRW, that is, work he had already performed with the language skills he possessed. For these reasons, the Court detects no harmful oversight in ALJ Benedict's evaluation of evidence relevant to alleged non-exertional limitations.

Further, regarding Plaintiff's challenge to the sufficiency of exertional limitations that ALJ Benedict included in his RFC, it is clear that Plaintiff's argument is reducible to a request for the Court to reconsider the evidence for a different outcome. Of course, this Court may not substitute its judgment for that of ALJ Benedict and, instead, only reviews an ALJ's findings to ensure they are supported by substantial evidence. *See Chandler*, 667 F.3d at 359. ALJ Benedict's consideration of the objective medical evidence in this matter was exceptionally thorough. With respect to Plaintiff's alleged standing and walking limitation, ALJ Benedict explained that Plaintiff's representation of his limitation(s) was undermined by records that "consistently described . . . a normal gait, intact strength, sensation, and reflexes, no neurological deficits, and negative straight leg raises." (R. 564). For some of Plaintiff's impairments—*e.g.*, neuropathy and coronary artery disease—ALJ Benedict explained they were not shown to result in significant symptoms and therefore justified no further limitations. (*Id.*). The ALJ did not cite "every relevant treatment note" in his discussion of those impairments and related limitations,

*Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001), but he adequately supported his finding that no further limitations were justified by evidence related to these impairments by citing evidence of, *inter alia*, normal gait and sensation. (R. 564). For the absence of further physical limitations from the RFC, ALJ Benedict also pointed out that Plaintiff was able to, among other things, travel between New Orleans, Pittsburgh, and Europe. (*Id.*). ALJ Benedict appropriately factored this and other daily activities into his assessment of Plaintiff's established limitations (R. 554—55, 564) rather than overemphasizing "sporadic and transitory activities" or extremely limited instances of travel. *Fargnoli*, 247 F.3d at 40 n.5 ("Fargnoli's trip to Europe in 1988 cannot be the basis for a finding that he is capable of doing a light exertional job because sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity."). Accordingly, for the reasons explained herein, the Court is assured that ALJ Benedict's RFC determination is supported by substantial evidence.

The Court, having found ALJ Benedict's RFC finding to be supported by substantial evidence, must address Plaintiff's other challenge to ALJ Benedict's decision: that he failed to follow the Appeals Council's remand order and, as a result, erred in his assessment of Plaintiff's PRW at the step-four inquiry of the five-step evaluation. Plaintiff has specifically argued that the *Appeals Council* found his PRW to be a housecleaner in the hotel and restaurant industry (DOT 323.687-018), but that ALJ Benedict disregarded that finding and found Plaintiff's PRW to be best classified as a less-physically-demanding housekeeping job (DOT 323.687-014). It is Plaintiff's contention that ALJ Benedict's reliance on vocational expert ("VE") testimony to support that finding was misplaced because there was unresolved inconsistency among the VE's testimony and the description of the relevant occupation in the Dictionary of Occupational Titles ("DOT"). The Court has found this argument to be unpersuasive. As an initial matter, the Court acknowledges that while ALJs are required to comply with Appeals Council orders, 20 C.F.R. § 404.977(b), courts disagree as to whether district courts are authorized to review an ALJ's decision to ensure such compliance. *Compare Mor v. Kijakazi*, No. CV 21-1730 (JMV), 2022 WL 73510, at *5 (D.N.J. Jan. 7, 2022) (noting that some courts have found this compliance issue to be outside the scope of reviewing authority in Section 405(g) of the Act), *with Lok v. Barnhart*, No. CIV.A. 04-3528, 2005 WL 2323229, at *7 (E.D. Pa. Sept. 19, 2005), *and Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1180 (10th Cir. 2020) ("As part of our review of a final decision under § 405(g), we may consider whether the ALJ complied with any legal requirements imposed by the Appeals Council upon remand."). Having acknowledged the debate surrounding this issue, the Court has determined it is unnecessary to resolve the debate because Plaintiff's argument is fundamentally a challenge to the ALJ's step-four PRW finding.

The error alleged is, essentially, that ALJ Benedict erred in the same way that ALJ Ehasz was found to err in 2018. In ALJ Ehasz's 2018 decision, she found that Plaintiff's PRW was best classified as a light-work housekeeper job (Cleaner, Housekeeping (any industry), DOT 323.687-014), and the Appeals Council faulted her for this because Plaintiff's testimony and disability application appeared to indicate that his PRW was best classified as a heavy-work housecleaner job (Housecleaner (hotel & rest.), DOT 323.687-018). (R. 603—04). ALJ Ehasz's only support for her finding was a VE's testimony, but the VE who had testified at Plaintiff's

hearing before ALJ Ehasz had not explained why she found Plaintiff's PRW to be best classified as light-work housekeeping despite contrary evidence. (R. 604). ALJ Ehasz never "address[ed] the apparent inconsistency between [the] claimant's testimony and the [VE's] findings" in her decision finding Plaintiff to be not disabled. (*Id.*). Accordingly, the Appeals Council remanded the matter for "supplemental vocational evidence, and further consideration of the Step 4 finding." (*Id.*). It also directed additional "consider[ation of] the claimant's [PRW] in accordance with [SSR] 82-62"; that further VE testimony be taken on the issue of how Plaintiff's limitations would affect his "occupational base" with examples of appropriate jobs; that the ALJ on the case ensure consistency among VE testimony and Plaintiff's description of past work; and that the ALJ "identify and resolve any conflicts" between the VE's testimony and the Dictionary of Occupational Titles & Selected Characteristics of Occupations before relying on the VE's testimony. (*Id.*).

In accordance with the order, ALJ Benedict held a hearing and took testimony relevant to Plaintiff's PRW from Plaintiff and a VE. He then authored a denial of Plaintiff's DIB application wherein he thoroughly detailed his step-four finding. (R. 565—69). He started by specifically acknowledging that "the Appeals Council concluded that the claimant's 'uncontroverted testimony' and disability application indicated that his work was 'much more similar' to" the heavy-work housecleaner occupation than to the light-work housekeeper occupation. (R. 565). However, he correctly noted that the Appeals Council had not made a finding of fact in that regard. (*Id.*). Next, ALJ Benedict explained how Plaintiff's testimony and the additional VE testimony he had taken from Dr. Crystal Younger, Ph.D., supported a finding that Plaintiff's PRW was best classified as light-work housekeeping even though Plaintiff had performed it at a more physically demanding level. Between his two hearings, Plaintiff testified that he had fifteen years' experience in hotel housekeeping and that he lifted "greater than 100 pounds, and 50 pounds on a frequent basis." (R. 565). ALJ Benedict discussed this as well as Plaintiff's testimony that he lifted and carried mattresses and garbage, had to move beds and change/flip mattresses, moved furniture to clean floors, and pushed a cart filled with assorted items that weighed over 200 lbs. (R. 565—66). After an opportunity to review the record and hear Plaintiff's testimony, the VE (Dr. Younger) testified that Plaintiff's PRW was best classified as light-work housekeeping, DOT 323.687-014, though Plaintiff had actually performed it at a medium exertional level. (R. 567—68).

Over Plaintiff's attorney's argument that Plaintiff's PRW was heavy-work housecleaning (DOT 323.687-018), ALJ Benedict relied on the VE's testimony that the two occupations identified had overlapping duties, but that the heavy-work occupation also included duties beyond what Plaintiff's PRW demanded. (R. 568). For example, Plaintiff was not required to clean common areas or set up banquet rooms, nor did he indicate he was required to "move furniture elsewhere in the hotel." (R. 566). Further, Plaintiff was only required to push a 200 lbs. cart, not to deadlift it, which the VE explained mattered to the determination of the appropriate exertional level. (567—68). Because the VE's testimony in this regard was logical and "not . . . in specific conflict of the DOT," the ALJ relied on it to find that Plaintiff's PRW did not demand the level of physical exertion required for heavy-work housecleaning, and that

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 19) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED as specified above.

<div style="margin-left:40%">

s/ Alan N. Bloch
United States District Judge
</div>

ecf:    Counsel of Record

---

Plaintiff's PRW was best classified as housekeeping (DOT 323.687-014).  (R. 569).  Further explaining that finding, the ALJ remarked that "[t]he fact that the claimant may have had to flip mattress[es] was enough to determine he performed his housekeeper/cleaner job at medium, but was clearly not enough to designate his job as a more strenuous housecleaner."  (*Id.*).  And while Plaintiff could not return to this work at a medium exertional level, he could return to it as the work is generally performed in the national economy; therefore, ALJ Benedict found him to be not disabled under the Act.  (*Id.*).  As he did before the ALJ, Plaintiff has made it clear to the Court that he disagrees with that conclusion, but he has not shown that the ALJ failed to explain how he arrived at it or that he misrepresented or overlooked evidence or the DOT job descriptions in coming to that conclusion.  Accordingly, the Court will affirm the ALJ's decision.